Brandon S. Reif (SBN 214706)
Marc S. Ehrlich (SBN 198112)
**REIF LAW GROUP, P.C.**
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 494-6500
Email: docket@reiflawgroup.com
breif@reiflawgroup.com
mehrlich@reiflawgroup.com

Attorneys for Defendants
HASHED INTERNATIONAL LLC
and AGE CRYPTO GP LLC (erroneously sued as AGE CRYPTO LLC)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHRISTIAN SARCUNI, PEDRO CUNHA, ALEXANDER LLOYD, SKLIAR VIKTOR, MARC SIMON, PILICI RUSTAM, DANIEL LU, CLÉMENT OMÉTEK, EDISON HO, KIRO ALEKSANDROV, JONAS WERNECKE, PAOLO LEITE, MIRAS ISSAKHOV, and DANIELE PENNA, on behalf of themselves and other similarly situated,

Plaintiffs,

vs.

bZx DAO, KYLE KISTNER, TOM BEAN, HASHED INTERNATIONAL LLC, AGE CRYPTO LLC, OOKI DAO, LEVERAGEBOX LLC, and bZeroX LLC,

Defendants.

Case No.: 3:22-cv-00618-LAB-DEB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS HASHED INTERNATIONAL LLC AND AGE CRYPTO GP LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Hearing
Date: October 11, 2022
Time: 11:15 a.m.
Courtroom: 14A

Complaint Served: 05/12/2022
Current Response Date: 07/06/2022
New Response Date: 07/29/2022

Judge: Honorable Larry Alan Burns
Action Filed: May 2, 2022

Hashed International LLC ("HASHED") and AGE Crypto GP LLC ("AGE") respectfully submit this memorandum of law in support of their motion to dismiss, with prejudice, the First Amended Complaint ("FAC").

**PRELIMINARY STATEMENT**

This action arose from a hack of the bZx protocol (the "Protocol") resulting in the theft of the token cryptocurrency (the "Tokens") from token holders as a result of a hack. FAC ⁋ 51. Now Plaintiffs, a select few of those allegedly harmed token holders, bring this action against an alleged select handful of other harmed token holders

Plaintiffs do not, and cannot, advance a sufficiently pled complaint to support their confusing and tortured theory of negligence liability against HASHED and AGE. The most fatal defect in the FAC is that HASHED and AGE were not token holders in the Protocol. HASHED and AGE were frivolously sued by Plaintiffs in this action. Had Plaintiffs performed the investigation, required by Fed. R. Civ. P. 11, before filing this meritless lawsuit, Plaintiffs would have learned that a South Korean natural citizen (not HASHED) and a Cayman Islands entity (not AGE) invested in the Tokens. If this lawsuit had merit (it does not), this foreign natural citizen and this Cayman Islands entity would identify as putative Plaintiffs, not Defendants. Simply put, Plaintiffs have brought an action against the wrong defendants.

Next, the FAC's poorly pled allegations fail to allege the elements of the negligence claim against HASHED and AGE. The FAC fails to properly plead the legal duty, the breach and the causation proximately caused by HASHED and AGE. Indeed, noticeably absent from the FAC are facts sufficiently alleging that HASHED and AGE were responsible for the cybersecurity for the Protocol or that HASHED and AGE breached some legal duty to safeguard the Protocol from a criminal third party hack. If as Plaintiffs frivolously allege that HASHED and AGE were token holders themselves (they are not), wouldn't they be part of the putative Plaintiffs' group?

## RELEVANT FACTS

The Tokens used the Protocol, which like almost all "Decentralized Finance" ("DeFi") protocols, is governed as a "Decentralized Autonomous Organization" ("DAO"). FAC ⁋ 41. DAOs, such as the one for bZx, have no formal corporate structure. *Id.* Rather, all Token holders have governance rights. *Id*. Plaintiffs, among others, were holders of BZRX tokens. *Id.* See also FAC ⁋⁋ 1, 3-21.

On November 5, 2021 the Protocol was allegedly hacked and tokens were stolen. FAC ⁋ ⁋ 52- 5.

HASHED merely employs United States based consultants who provide research and market analysis roles for Hashed Inc., a South Korean corporation. Hashed Inc. is in the type of business of professional scientific and technical activities and managing consultancy for technical related activities. HASHED has never made an investment into bZeroX, LLC or any of the other named defendants. HASHED did not invest in the Token and has never been a token holder in the Protocol. Instead, a South Korean natural citizen invested in the Tokens. If this lawsuit had merit (it does not), this natural citizen would be a Plaintiff not a Defendant. HASHED was frivolously sued by the Plaintiffs.

AGE is a Nevada limited liability company that acts as an investment advisor to one or more private investment funds. AGE has never made an investment into bZeroX, LLC or any of the other named defendants. AGE was frivolously sued by the Plaintiffs.

On July 12, 2020, AGE Global Fund, LLC, the above referenced Cayman Island entity, entered into a Simple Agreement For Future Tokens ("SAFT") agreement with bZeroX, LLC to purchase Tokens. The SAFT offering states that "token offering by the company … does not confer any ownership rights, stake, share, intellectual property, or governance rights over the company." The SAFT was issued by bZeroX, LLC, a Delaware limited liability company, and has no provisions agreeing to the formation of a DAO or of a general partnership. Neither AGE, AGE Global Fund, LLC, nor any of its affiliates ever participated in the development, testing, marketing, or operation of the

Protocol. Nonparty AGE Global Fund, LLC's sole role was as a passive investor in the Token.

Following the execution of the SAFT, AGE was never asked by bZeroX, LLC to form a DAO or a general partnership and AGE never agreed to do so.

## ARGUMENT

Plaintiffs failed to comply with Fed. R. Civ. P. 12(b)(4) with respect to service of process in that it fails to correctly name the corporate entities whom they seek to bring an action.

The FAC's 79 paragraphs also fail to sufficiently plead a claim for relief against HASHED and AGE for any of the requirements of standing or a negligence cause of action. Their bare allegations are nothing more than legal arguments without any factual support, stopping far short of the line of plausibility of relief required. And even viewed in a light most favorable to Plaintiff, the general and conclusory allegations fall woefully short.

First, HASHED and AGE were not token holders. Additionally, the very premise of Plaintiffs' case is logically flawed. This select handful of those injured cherry-picked defendants against whom they allege that, as other token holders, owed them a duty which they breach and caused their damages. However, ALL token holders stand in the same position. And therefore, following their reasoning, all token holders are responsible to each other, including Plaintiffs to other token holders.

### I. Applicable Law

#### a. Fed. R. Civ. P. 11

"Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry." *Estate of Blue v. Cty. of L.A.*, 120 F.3d 982, 985

(9th Cir. 1997); See also Moore's Federal Practice - Civil § 11.11 (2022)

**b. Fed. R. Civ. P. 12(b)(4)**

Fed. R. Civ. P. 12(b)(4) permits a court to dismiss an action for insufficiency of process. *Id.* R. 8(a)(2). Fed. R. Civ. P. 4 sets out the requirements for summons and service of process. A summons must "name… the parties" and "be directed to the defendant". The Court lacks jurisdiction over defendants who have not been properly served. *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

**c. Fed. R. Civ. P. 12(b)(6)**

"A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted." *Lopez v. Wells Fargo Bank, Nat'l Ass'n*, No. 16-cv-0811-AJB-DHB, 2017 U.S. Dist. LEXIS 52527, at *6 (S.D. Cal. Apr. 5, 2017). "We are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)1. Nor is Plaintiff entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2). Plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''' *Ashcroft*, 556 U.S. at 557. This includes, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements". *Id.* at 1949. *See also Reynoso v. City of L.A.*, 469 F. App'x 563 (9th Cir. 2012).

[1] Internal citations and quotations omitted.

## II. Joinder

Defendants Kyle Kistner, Tom Bean, Leveragebox LLC and bZeroX LLC's Memorandum of Law (Docket Entry 27-1) sets out the applicable facts and law. Plong v. BM Realestate Servs., No. 2:20-cv-06999-JWH-AGRx, 2022 U.S. Dist. LEXIS 68864, at ** 2-3, 5 (C.D. Cal. Apr. 12, 2022) (granting a "Joinder Motion" incorporating arguments of other defendants). With respect for the Court's time and brevity, to the extent it has been covered sufficiently HASHED and AGE will add rather than repeat.

## III. HASHED and AGE Should Be Dismissed from This Action Pursuant to Fed. R. Civ. P. 12(b)(4)

Where a plaintiff incorrectly names a defendant, that defendant is entitled to dismissal. In *Behroozi v. New Albertsons, Inc.* the court granted defendant's motion to dismiss for insufficiency of service where the summons did not correctly identify the party name and had been directed towards another entity with whom it had business dealings. *Behroozi v. New Albertsons, Inc.*, No. 2:11-cv-00579-JCM-NJK, 2014 U.S. Dist. LEXIS 150526, at *6-7 (D. Nev. Oct. 22, 2014). *See also Savage & Assocs., P.C. v. Williams Commc'ns (In* re *Teligent Servs.), 372* B.R. 594 (S.D.N.Y. 2007) (affirming bankruptcy court's dismissal of for lack of proper service where the bankruptcy estate representative named the wrong creditor as defendant).

Plaintiffs sued AGE and HASHED without complying with FRCP 11. This is a fatal defect because a reasonable inquiry would have revealed that AGE and HASHED are not, and were not, token holders in the Protocol.

Because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 4 by incorrectly naming HASHED and AGE, this action should be dismissed.

## IV. Standing

"[S]tanding is not dispensed in gross," *TransUnion L.L.C. v. Ramirez*, 141 S. Ct. 2190, 2208 (2021), and a plaintiff must establish standing with respect to each defendant, *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65-66 (2d Cir. 2012). To establish the

traceability required for standing, "the plaintiff must demonstrate a causal nexus between the defendant's conduct and the injury," *Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013), "ensur[ing] that the injury alleged is attributable to the defendant." *Heldman v. Sobol*, 962 F.2d 148, 156 (2d Cir. 1992).

Plaintiffs' FAC does not plead a causal nexus between HASHED and AGE alleged conduct and Plaintiff's alleged injury. Plaintiff does not differentiate between Defendants, and particularly HASHED and AGE. They plead that Defendants, in the collective including HASHED and AGE, are liable as "member[s] of the bZx DAO and general partnership", FAC ⁋⁋ 24-5, and as "investor[s]" who allegedly "participated in decision making". FAC ⁋⁋ 74-5. HASHED was alleged to have publicly supported bZx and had witnessed them solve a security issue. FAC ⁋ 74.

Plaintiffs' FAC does not explain how HASHED and AGE are different than any other Token holder, including themselves. Or 'why' 'when' or 'how' HASHED and AGE took actions (or failed to take actions) that resulted in the hack. Plaintiffs have failed to "proffer facts establishing that all links in the causal chain are satisfied." *Williams ex rel. United Guardianship Servs. v. Shah*, No. 12-cv-3953, 2014 WL 1311154, at *12 (E.D.N.Y. Mar. 30, 2014). Indeed, Plaintiffs failed to plead any links in the causal chain that would render HASHED and AGE liable.

## V. HASHED and AGE Should Be Dismissed from This Action Pursuant to Fed. R. Civ. P. 12(b)(6) Because Plaintiffs Fail to Adequately Plead the Necessary Elements of a Negligence Claim

For a negligence claim a plaintiff must plead four elements: duty, breach, causation, and damages. *Ghlachi v. U.S. Bank, N.A.*, No. CV 14-6619 PSG (CWx), 2015 U.S. Dist. LEXIS 191828, at *22 (C.D. Cal. Apr. 29, 2015). Plaintiffs have pled only the most threadbare of three of the four elements, generally for the same reason: Plaintiffs, like all other token holders (but not HASHED and AGE which were not token holders) were victimized by the hack stand in the same shoes. Thus, their claim for negligence

should be dismissed.

"The threshold determination in a negligence action is whether a defendant owes a duty of care to the plaintiff." *Pers. Representative of the Estate of C. J. P. v. Washington*, 913 F.3d 831, 839 (9th Cir. 2019). The existence of a duty is "determined as a matter of law by the court." *Ghlachi*, 2015 U.S. Dist. LEXIS 191828, at *24. The totality of Plaintiffs' complaint fails to allege a legal duty owed by AGE and HASHED to the Plaintiffs that would give rise to an actionable negligence claim. Without the legal duty, a negligence claim is deemed fatal.

"To be actionable, the duty must be one owed to the injured plaintiff, and not one owed to the public in general." *Pers. Representative of the Estate of C. J. P.*, 913 F.3d 831 at 839. There is generally no legal duty to prevent a third person from intentionally harming another, but a duty may arise when a "special relationship" exists. *Id.*

"[C]ourts have consistently refused to impose a duty of care in the context of financial transactions involving fraud and identity theft." *Diaz v. Intuit, Inc.*, 2018 U.S. Dist. LEXIS 82009, at *15 (holding no special duty owed by the platform through which a victim of identity theft had fraudulent documents submitted in his name). *See also Razuki v. Caliber Home Loans, Inc.*, CASE NO. 17cv1718-LAB (WVG), 2018 WL 6018361, at **2-3 (S.D. Cal. Nov. 14, 2018) (dismissing negligence claim arising from data breach in part because plaintiff "could have identified what made Caliber's security measures unreasonable by comparison to what other companies are doing" – but did not); *In re Sony Gaming Networks and Customer Data Security Breach Litigation*, 996 F. Supp. 2d 942, 942 (S.D. Cal. 2014) (finding no special relationship owed to plaintiffs harmed by a hack into defendant's platform).

The entire basis for Plaintiff's allegations of HASHED and AGE's legal duty rests on HASHED and AGE being "member[s] of the bZx DAO and general partnership", (FAC ⁋⁋ 24-5), and "investor[s] in the Protocol". FAC ⁋⁋ 74-5. This generalized statement applicable to all token holders is insufficient. Moreover, there is no special

duty alleged in the FAC. As an action involving a hack of cryptocurrency, is the type of "…context of financial transction[] involving fraud and identify theft" *Diaz* was referring to. Again, all token holders are similarly situated. Simply put, Plaintiffs' complaint fails to actionably plead a legal duty was owed to the Plaintiffs by HASHED and AGE.

Plaintiffs' allegations of breach of a legal duty are also fatally deficient. To sufficiently allege a breach, Plaintiffs are required to make more than "conclusory accusations of violations without providing factual support of what actions each Defendant took." *Lopez v. Wells Fargo Bank*, No. 16 Civ. 00811 (AJB) (DHB), 2017 WL 1336764, at *15 (S.D. Cal. Apr. 5, 2017). The totality of Plaintiffs' complaint fails to sufficiently allege, with factual support, the alleged breach by HASHED and AGE.

Finally, Plaintiffs fail to properly plead the causation element of negligence. Nowhere in Plaintiffs' FAC does it allege, with factual support, the 'how' or 'why' HASHED and AGE caused any of the Plaintiffs' alleged harm. To survive a motion to dismiss the complaint, Plaintiffs must "demonstrate that the complained-of conduct was the cause-in-fact (or 'but for' cause) as well as the proximate cause of her injury." *Avitia v. United States*, 24 F. App'x 771, 774 (9th Cir. 2001). By Plaintiffs making the threadbare allegation that HASHED and AGE were "members", "investors" and "decision makers", (FAC ⁋⁋ 24-5, 74-5) is a defective pleading. By Plaintiffs making the threadbare allegation that the DAO consisted of token holders having equal rights and with no formal structure (FAC ⁋ 41) is still a defective pleading. There is no alleged connection between HASHED and AGE and the purported cybersecurity failures in the Protocol that contributed to the hack. Thus, Plaintiffs failed to plead causation.

In sum, Plaintiffs 'bare allegations are nothing more than legal arguments without any factual support, stopping far short of the line of plausibility of relief required by *Ashcroft*. *Ashcroft*, 556 U.S. at 557, 678. And even viewed in a light most favorable to Plaintiff, the general and conclusory allegations fall woefully short.

**LEAVE TO AMEND IS FUTILE**

The FAC is incurably defective as to HASHED and AGE. Again, HASHED and AGE were not token holders. Moreover, all token holders were similarly situated. Therefore, the Court is not required to grant leave to amend. *See Eagle Canyon Owners' Ass'n v. Waste Mgmt.*, No. 16cv2811-LAB (WVG), 2017 U.S. Dist. LEXIS 109812, at *12 (S.D. Cal. July 13, 2017) (Burns D.J.) ("Although leave to amend should be liberally granted, the Court may exercise its discretion to deny the request where amendment is futile. And any amendment is futile where the amended complaint would also be subject to dismissal.").

HASHED and AGE were frivolously sued as Defendants because Plaintiffs and their counsel did not properly investigate the factual support before filing the lawsuit. No amendment can cure this defect. Further, even if the correct Defendants were sued and even if duties existed amongst token holders, the elemental defects cannot be cured. There are no additional facts able to sufficiently allege a cause of action for negligence by some token holders against other token holders.

**CONCLUSION**

For the foregoing reasons, HASHED and AGE respectfully request that the Court grant their motion to dismiss, with prejudice, the FAC.

Dated: July 29, 2022

**REIF LAW GROUP, P.C.**

Brandon S. Reif

Brandon S. Reif
Marc S. Ehrlich

Attorneys for Defendants HASHED INTERNATIONAL LLC and AGE CRYPTO GP LLC