Brandon S. Reif (SBN 214706)
Marc S. Ehrlich (SBN 198112)
**REIF LAW GROUP, P.C.**
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 494-6500
Email: docket@reiflawgroup.com
breif@reiflawgroup.com
mehrlich@reiflawgroup.com

Attorneys for Defendants
Hashed International LLC and Age Crypto GP LLC (erroneously sued as Age Crypto LLC)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN SARCUNI, PEDRO CUNHA, ALEXANDER LLOYD, SKLIAR VIKTOR, MARC SIMON, PILICI RUSTAM, DANIEL LU, CLÉMENT OMÉTEK, EDISON HO, KIRO ALEKSANDROV, JONAS WERNECKE, PAOLO LEITE, MIRAS ISSAKHOV, and DANIELE PENNA, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>bZx DAO, KYLE KISTNER, TOM BEAN, HASHED INTERNATIONAL LLC, AGE CRYPTO LLC, OOKI DAO, LEVERAGEBOX LLC, and bZeroX LLC,<br><br>Defendants. | Case No.: 3:22-cv-00618-LAB-DEB<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS HASHED INTERNATIONAL LLC AND AGE CRYPTO GP LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br><u>Hearing</u><br>Date: October 11, 2022<br>Time: 11:15 a.m.<br>Courtroom: 14A<br><br>Judge: Honorable Larry Alan Burns<br>Action Filed: May 2, 2022 |

Hashed International LLC ("Hashed") and Age Crypto GP LLC ("Age") respectfully submit their reply memorandum in further support of their motion to dismiss, with prejudice, the First Amended Complaint ("FAC").[1]

## 1. SUMMARY OF ARGUMENT

As alleged against Hashed and Age, a meritless lawsuit was filed by certain bZx users allegedly harmed in a hack who attempt to blame other alleged users harmed in the hack. Not only does the lawsuit lack a cognizable legal theory against Hashed and Age, but there are not sufficient facts alleged in the FAC that Hashed or Age caused the hack or, more generally, "founded" (FAC ¶¶ 22-23), "created" (FAC ¶29), "controlled" (FAC ¶¶ 67-69, 71,75,79), marketed (FAC ¶¶ 42, 46, 48-50) or "operated" (FAC ¶ 28) the protocol that was the subject of the hack as they have tried to allege against defendants other than Hashed and Age. The FAC is utterly devoid of a sufficient factual basis that Hashed or Age owed a duty to the plaintiffs, breached a duty to the plaintiffs or proximately caused harm to the plaintiffs. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). The lawsuit is pled without merit and should be dismissed with prejudice as against Hashed and Age.

Hashed and Age's first argument was that plaintiffs erroneously sued Hashed and Age, who were complete strangers to any bZx transaction. Plaintiffs' Response (Docket Entry ("DE") 38) manufactured three diversions to this fatal defect rather than address it head on. First, Plaintiffs claimed they properly served the erroneously sued defendants. But Hashed and Age did not make a defective service defense. Second, Plaintiffs' Response claimed they named "affiliated" entities of Hashed and Age, as if that cured the defect. Plaintiffs cited no controlling law to support their theory that suing an alleged affiliate is legally sufficient to plead liability against the correct defendants. Third, Plaintiffs tried to place the burden on Hashed and Age to identify the correct defendants for plaintiffs to sue, as if that cured the defect. Plaintiffs cited no controlling law to

---

[1] Plaintiffs' Response was untimely e-filed and e-served on Tuesday, September 27, 2022 at 12:45 a.m. Consent from the Court was not sought (Local Rule 7.1(g)(7)) nor were the moving parties asked to stipulate to a deemed timely filing.

support their theory. Plaintiffs' Response to the primary argument reveals the cavalier and irresponsible undertaking by plaintiffs to plead the FAC.

Hashed and Age's second argument was that the FAC failed to plead the elements of the negligence claim, including plaintiffs' standing to sue Hashed and Age, the duty of care owed by Age and Hashed, the breach and the proximate causation for which Hashed and Age could conceivably be held liable. Plaintiffs' Response did not even attempt to rebut these fatal defects.

Plaintiffs' negligence theory concedes, by omission, that Hashed and Age are strangers to the allegedly liable act: "…bZX DAO [] negligently permitted [the hack] to occur." (DE 38 at 1:3-4) (did not accuse Hashed and Age of this negligence). Plaintiffs' negligence theory against Hashed and Age is manufactured based <u>solely</u> on: (a) conclusory opinions (*Iqbal*, 556 U.S. at 681) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); and (b) an invented implausible legal theory that Hashed and Age are general partners in a general partnership with Defendant bZx (*Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679) ("Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'")). No factual allegations and no controlling law supports this tortured theory.

Hashed and Age's third argument was that the FAC failed to explain why Hashed and Age are lumped together with the defendants who allegedly founded, created, controlled, marketed and operated the protocol or the defendants who allegedly negligently permitted the hack to occur. Plaintiffs' Response offered no factual support, no explanation for having no factual support and cited no controlling law to support their theory.

The FAC should be dismissed with prejudice as against Hashed and Age.

2. **<u>HASHED AND AGE ARE ERRONEOUS DEFENDANTS</u>**

There is no dispute that the plaintiffs bear the burden to plead that jurisdiction

exists over the defendants. *Data Disc, Inc. v. Systems Tech. Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977). Plaintiffs' Response acknowledged that they potentially sued incorrect parties, but they did not take responsibility for their irresponsible acts. (DE 38 at 3:24-4:2) ("Perhaps that's true…" and "Still, it is at least plausible to infer that this South Korean natural citizen invested in those tokens as part of his employment with Hashed…"). Plaintiffs' Response claimed that suing the incorrect Age entity is "similarly situated" to suing the incorrect Hashed entity. (DE 38:4-6). There is no excuse for these fatal defects. Plaintiffs' Response claimed they believe they sued entities with an alleged "affiliation" with the correct parties (DE 38 at 1:13-18, 1:26-2:1, 3:15-16, 4:6-9), as if that rebuttal cured the defects. Plaintiffs are improperly conflating affiliated entities without any factual support in the FAC. Plaintiffs have no lawful right to sue supposed affiliated entities instead of the correct actual parties.

As the Court in *Behroozi* held, a defendant is "severely and actually prejudiced if it was forced to participate in litigation to which it is not … involved in the circumstances at issue." *Behroozi*, 2014 U.S. Dist. LEXIS 150526, at *7 (D. Nev. Oct. 22, 2014). This is precisely the case here.

The only factual allegation about the sued Hashed entity is that it is a Wyoming limited liability company with its principal place of business in San Francisco, California (FAC ¶24) and is a "stated investor in the bZx protocol." (FAC ¶ 74). The only factual allegation about the sued Age entity is that it is a Nevada limited liability company with its principal place of business in Los Angeles, California (FAC ¶ 25) and is a "stated investor in the bZx protocol." (FAC ¶ 75). These alleged facts, standing alone, do not support Hashed and Age as correctly sued entity defendants. (As will be discussed, later, these alleged facts, standing alone, do not support a negligence theory based on a general partnership).

Plaintiffs' attempts to distinguish *In re Teligent Servs.*, is unavailing. 372 B.R. 594 (S.D.N.Y. 2007). In *Teligent*, the estate representative sought to avoid preferential payments made to an entity but served an affiliated entity instead. 372 at 597-98. In

affirming the Bankruptcy Court's denial of the representative's request to extend the time to serve the proper defendant, the Court noted that, while "[s]ome initial confusion…may have been justified" the possible delay is not excused where the representative "simply did not perform a diligent search of the records before serving". *Id.* at 600. This is precisely the case here. In fact, Age and Hashed intend to move for Rule 11 sanctions because of the frivolous factual and legal basis for which the lawsuit was filed against Age and Hashed including plaintiffs' persistent refusal to cure the party defects.[2]

Leave should not be given since plaintiffs have already squandered two previous pleading attempts and have still failed sue the correct defendants, those allegedly "involved in the circumstances at issue". *Behroozi*, 2014 U.S. Dist. LEXIS 150526, at *7

3. **THE FIRST CLAIM FOR RELIEF FOR NEGLIGENCE IS INSUFFICIENTLY PLED AND IS BASED ON AN IMPLAUSIBLE LEGAL THEORY**

Plaintiffs' Response ignores the elements of negligence entirely and the FAC failed to plead every element of the negligent partnership liability as against Hashed and Age. See *Iqbal*, 556 U.S. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). This fatal defect alone supports the dismissal with prejudice of the FAC. *Coburn v. Bank of N.Y. Mellon, N.A.,* No. 2:10-CV-03080 JAM-KJN, 2011 U.S. Dist. LEXIS 29654, at *11 (E.D. Cal. Mar. 21, 2011(dismissing negligence claim where Plaintiff failed to sufficiently plead any of the elements). Plaintiffs' Response did not cite any controlling or persuasive law to support this theory and, it should come as no surprise that California law does not support this theory.

---

[2] In the Rule 11 motion, but not here, Hashed and Age will vehemently dispute that they, or their affiliated entities or natural citizens, ever: (a) owned a "substantial stake" or were "major holders" of tokens in the bZx protocol; (b) were involved in forming, operating, marketing and operating the bZx protocol; and/or (c) voted or "participate[] in decision [] making" of the bZx protocol. The claims will be shown to be factually frivolous. Plus, there is a limited liability agreement that rebuts the plaintiffs' invented general partnership liability rendering it frivolous. All these frivolous allegations will be exposed and the subject of a Rule 11 motion.

  Plaintiffs' Response argues, citing generically to Cal. Corp. Code §16202, that "their [defendants'] involvement as general partners in the bZx SAO is the sole basis for" Hashed and Age's standing to be sued and bearing the liability to the plaintiffs. (DE 38 at p1:18-19, 2:7-10, 9:7-9, 12:16-21, FAC ¶¶ 24-5).  Plaintiffs must plead a plausible legal theory, which the FAC failed to do. *See Hall v. JPMorgan Chase*, No. CV 18-882-MWF (AFMx), 2018 U.S. Dist. LEXIS 239685 (C.D. Cal. Jun. 8, 2018), at * 8-9) (quoting *Ebner*, 838 F.3d at 996-97 ("Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, 'plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible.'"))

  The FAC insufficiently alleged, in only conclusory fashion, that Hashed and Age are liable "investor[s]" who allegedly "participated in decision making". FAC ¶¶ 74-5. The FAC pled no plausible facts to support a partnership in which Hashed and Age were partners nor did the FAC plead the protocol decisions that Hashed and Age purportedly participated in.  These types of conclusory opinions are insufficiently pled, as a matter of law, and not deemed true at the pleading stage. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss); *Cox v. FCA US LLC*, No. CV 20-3098 DMG (Ex), 2020 U.S. Dist. LEXIS 98703, at *7 (C.D. Cal. June 2, 2020) (dismissing negligence claim where the allegations were "boilerplate", "minimal" and "without additional 'details'").  It is of note that the FAC starkly contrasted the minimal allegations against Hashed and Age unlike the allegations against other defendants whom allegedly "founded" (FAC ¶¶ 22-23), "created" (FAC ¶29), "controlled" (FAC ¶¶ 67-69, 71,75,79), marketed (FAC ¶¶ 42, 46, 48-50) or "operated" (FAC ¶ 28) the DAO and bZx protocol.  Plaintiffs' FAC failed to plead the elements of a general partnership as to Hashed and Age each individually.

### 4. **GROUP PLEADING THE DEFENDANTS IS IMPROPER**

Plaintiffs' theory of negligence rests on lumping the defendants together in a general partnership without allegations differentiating Hashed, Age and the other defendants. Plaintiffs' Response failed to muster a sufficient legal explanation of the negligence claim as to <u>each</u> defendant beyond a generic allegation of a general partnership. There is no cogently pled explanation of Hashed and Age's alleged duty, breach, causation and damages. Plaintiffs pled insufficient allegations. *Vandagriff v. Hill,* No. 2:22-cv-0603 DAD KJN P, 2022 U.S. Dist. LEXIS 174907, at *8 (E.D. Cal. Sep. 26, 2022) (dismissing negligence claim where Plaintiff could not sufficiently plead negligence as to a particular defendant); *Cox v. FCA US LLC*, No. CV 20-3098 DMG (Ex), 2020 U.S. Dist. LEXIS 98703, at *7 (C.D. Cal. June 2, 2020); (dismissing negligence claim consisting of "conclusory allegations").

Plaintiffs' Response did not rely on *Fabian v. Lemahieu,* 2019 U.S. Dist. LEXIS 172906, at *32 (N.D. Cal. Oct. 4, 2019), which was prominently cited "*passim*" in the opposition to Leveragebox's Rule 12(b) motion. (DE 36). *Fabian* illustrates the differences between an arguably cogently pled negligence lawsuit and a fatally pled negligence lawsuit, the latter explaining Plaintiffs' FAC as alleged against Hashed and Age.

*Fabian* was filed against token developers who "promoted, offered, traded and sold to the public", and who "directed the investing public to purchase" the token through actions and statements including "strategic positioning and widespread marketing efforts." *Fabian*, 2019 U.S. Dist. LEXIS 172906, at **3-10.  Each defendant was allegedly "substantially involved" in the actions and statements. *Id*.  The court, finding that Plaintiffs adequately alleged duty, looked to these actions and "…various statements and representations that the [] Defendants owed various duties…" to the plaintiffs.  *Id.* at * 9.  The *Fabian* court, critical of the pleading, ruled that "plaintiff's generic allegation [of causation] does not suffice…" *Id*. at *35.  The substantive factual allegations at the heart of the *Fabian* pleading, unlike the minimal, hollow and conclusory allegations at

the heart of the FAC as against Hashed and Age, further support dismissing the FAC as against Hashed and Age.

### 5. THE RFJN'S CFTC ACTIONS DO NOT PERTAIN TO HASHED AND AGE AND ARE OUTSIDE THE FAC ALLEGATIONS

Plaintiffs' Response seeks judicial notice of the CFTC Order and Civil Complaint. Judicial notice of these documents is improper at this stage since the allegations are outside the four corners of the FAC. "The focus of any rule 12(b)(6) dismissal — both in the trial court and on appeal — is the complaint." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011); *Schneider v. Cal. Dep 't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the [party's] opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to…moving papers, such as a memorandum in opposition to a…motion to dismiss."); *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997) ("Review is limited to the contents of the complaint.").

Assuming solely for the sake of argument that the Court entertains the RFJN, the CFTC Order and the Civil Complaint <u>highlight</u> the non-existent factual allegations as well as the implausible legal theory as against Hashed and Age. The CFTC Order raised no findings of facts and no conclusions of law against Hashed or Age. Hashed and Age are not listed as "respondents" and not identified anywhere in the Order, directly or inferentially. The Civil Complaint, similarly, raised no factual allegations against Hashed or Age. They are not "defendants" and not identified anywhere in the Civil Complaint, directly or inferentially. The total absence of Hashed and Age from the CFTC Order and the Civil Complaint, if considered by the Court, fortifies Hashed and Age's defenses that no factual allegations and no plausible legal theory of liability is pled as against Hashed and Age. The CFTC actions, specifically the absence of facts and claims against Hashed and Age, further emphasize they these defendants were erroneously sued by the plaintiffs in the FAC. The CFTC actions also highlight the implausibility of plaintiffs' group

pleading allegations that all the defendants, in the collective, created, managed, controlled, marketed and operated bZx protocol since the CFTC Order and Civil Complaint <u>do not</u> support this allegation, at least as to Hashed and Age.

## 6. **CONCLUSION**

For the foregoing reasons, Hashed and Age respectfully request that the Court dismiss, with prejudice, the FAC.

Dated: October 3, 2022               **REIF LAW GROUP, P.C.**

                                     _____
                                     Brandon S. Reif
                                     Marc S. Ehrlich

                                     Attorneys for Defendants
                                     Hashed International LLC and Age Crypto GP LLC
                                     (erroneously sued as Age Crypto LLC)