MORRISON COHEN LLP
Jason P. Gottlieb (NY SBN 4056008)*
Daniel C. Isaacs (NY SBN 4875902)*
Alexandra Wang (NY SBN 5416748)**
909 Third Avenue
New York, NY 10022
Telephone:  212.735.8600
Facsimile:  212.735.8708
jgottlieb@morrisoncohen.com
disaacs@morrisoncohen.com
*admitted *pro hac vice*
**pro hac vice pending*

HAHN LOESER & PARKS LLP
Michael J. Gleason (CA SBN 279434)
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Telephone: 619.810.4300
Facsimile: 619.810.4301
mgleason@hahnlaw.com

*Attorneys for Defendant Kyle Kistner*

Hahn Loeser & Parks LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN SARCUNI, *et al.*, on behalf of themselves and other similarly situated,<br><br>        Plaintiffs<br><br>vs.<br><br>bZx DAO, KYLE KISTNER, HASHED INTERNATIONAL LLC, AGE CRYPTO LLC, and OOKI DAO.,<br><br>        Defendants. | **Case No. 3:22-cv-00618-LAB-DEB**<br><br>**KYLE KISTNER'S ANSWER TO THE FIRST AMENDED COMPLAINT WITH COUNTERCLAIMS**<br><br>CLASS ACTION JURY TRIAL DEMANDED |
| KYLE KISTNER,<br><br>        Counterclaimant<br><br>vs. | |

CHRISTIAN SARCUNI, *et al.*

    Counterclaim Defendants.

Defendant Kyle Kistner, by and through his undersigned attorneys, hereby answers Plaintiffs' First Amended Complaint (ECF 21; "FAC") as follows.[1]

1.    Paragraph 1 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner admits that a hack occurred on certain smart contracts comprising what is known as the bZx protocol (the "Protocol"); denies knowledge or information sufficient to form a belief as to the truth of the allegations about any details about the named plaintiffs; and otherwise denies the allegations set forth in Paragraph 1.

2.    Paragraph 2 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 2.

## Parties

3.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 or the footnote to Paragraph 3.

4.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

---

[1] The FAC contains headings and subheadings. Kistner does not admit that the FAC's headings or subheadings are accurate or appropriate for any purpose and, to the extent that any heading or subheading can be read to contain factual allegations, Kistner denies each of them.

8.     Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9.     Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, except admits that a complaint was filed on May 2, 2022 (ECF 1) in this case by Daniel Lu, among others.

11.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18.

19.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

21.     Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21.

22.     Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Kistner denies the allegations set forth in in Paragraph 22.

23.     Paragraph 23 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and states that the Court dismissed Bean from this case on March 27, 2023 (ECF 49).

24.     Paragraph 24 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25.     Paragraph 25 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Kistner denies the allegations set forth in Paragraph 26.

27.     Paragraph 27 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 27.

28.     Kistner admits that Leveragebox LLC is a Delaware LLC and operated the website Fulcrum, denies the remainder of the allegations in Paragraph 28, and states that the Court dismissed Leveragebox LLC from the case on March 27, 2023 (ECF 49).

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

29.     Kistner admits that bZeroX LLC is a Delaware LLC, contributed to the original development of the Protocol, and relinquished control of the Protocol in August 2021; denies the remainder of the allegations in Paragraph 29; and states that the Court dismissed bZeroX LLC from the case on March 27, 2023 (ECF 49).

30.     Paragraph 30 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 30.

31.     Paragraph 31 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 31.

32.     Paragraph 32 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 32.

33.     Paragraph 33 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 33.

34.     Paragraph 34 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 34.

35.     Kistner admits that a cryptocurrency is a form of digital asset based on a distributed computer ledger system, that Bitcoin is a cryptocurrency and that there are many others, that the value of some cryptocurrencies fluctuate and the values of some cryptocurrencies are pegged to another value; and otherwise denies the allegations set forth in Paragraph 35.

36.     Kistner admits that cryptocurrencies can be designated by letter symbols and that Bitcoin's is BTC and U.S. Dollar Coin's is USDC, and that the cryptocurrencies alleged in the FAC include ETH, BZRX, and OOKI; and otherwise denies the allegations set forth in Paragraph 36.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

37.    Kistner admits that a blockchain is a network of computers that can securely and publicly record the transactions of a given cryptocurrency, that multiple blockchains exist for other cryptocurrencies, that the blockchains alleged in the FAC include Ethereum, Polygon, and the Binance SmartChain ("BSC"), that these particular blockchains have so-called "native" cryptocurrencies that can be used to reward miners and validators on the blockchain, and that Ethereum's native cryptocurrency is Ether ("ETH"); and otherwise denies the allegations set forth in Paragraph 37.

38.    Kistner admits that at least some cryptocurrency tokens are a unit of a specific virtual currency, and at least some are fungible and tradeable, and otherwise denies the allegations set forth in Paragraph 38.

39.    Kistner admits that virtual wallets can hold cryptocurrency tokens, that these wallets can be secured using cryptography and can be accessed using a passphrase, and that wallets can be associated with an address that can be published on a blockchain without revealing the identity of the wallet-holder; and otherwise denies the allegations set forth in Paragraph 39.

40.    Kistner admits that currencies and cryptocurrencies can be transacted, including in connection with lending and borrowing transactions, that intermediaries, such as banks, can be involved in transactions, that "DeFi" often stands for decentralized finance, and that DeFi protocols do not use third party intermediaries to execute transactions; and otherwise denies the allegations set forth in Paragraph 40.

41.    Kistner denies the allegations set forth in Paragraph 41.

42.    Kistner refers to the then-existing referenced website for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 42.

43.    Kistner refers to the then-existing referenced website for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 43.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

44.     Kistner refers to the then-existing referenced website for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 44.

45.     Kistner admits that at certain times, Fulcrum and Torque were able to be accessed through the referenced website bzx.network, and refers to the then-existing bzx.network website for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 45.

46.     Kistner refers to the written statements to which Plaintiffs purport to refer for a complete and accurate description of their contents, and otherwise denies the allegations set forth in Paragraph 46.

47.     Paragraph 47 contains legal conclusions to which no response is required.   To the extent that a response is deemed required, Kistner denies the allegations set forth in Paragraph 47.

48.     Kistner refers to the written statements to which Plaintiffs purport to refer for a complete and accurate description of their contents, and otherwise denies the allegations set forth in Paragraph 48.

49.     Kistner refers to the written statements to which Plaintiffs purport to refer for a complete and accurate description of their contents, and otherwise denies the allegations set forth in Paragraph 49.

50.     Kistner refers to the written statements to which Plaintiffs purport to refer for a complete and accurate description of their contents, and otherwise denies the allegations set forth in Paragraph 50.

51.     Kistner admits that a hack of certain deployments of the bZx protocol occurred on November 5, 2021, and that funds were stolen by those actors who perpetrated the hack; denies knowledge or information sufficient to form a belief as to the truth of the allegation that "funds were stolen from named Plaintiffs and the class members"; and otherwise denies the allegations set forth in Paragraph 51.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

52.    Kistner admits that a blog post was published on November 5, 2021, and refers to that post for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 52.

53.    Kistner admits that a "phishing attack" is a form of computer hacking, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53.

54.    Kistner admits that there was a blog post published on November 5, 2021, and refers to that post for a complete and accurate statement of its contents, and otherwise denies the allegations set forth in Paragraph 54.

55.    Kistner refers to the referenced news report for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 55.

56.    Paragraph 56 calls for a legal conclusion to which no response is required.  To the extent that a response is required, Kistner denies the allegations set forth in Paragraph 56.

57.    Kistner admits that the Protocol was deployed on the Ethereum, Polygon, and BSC blockchains, and that only two of the deployments – on Polygon and BSC – were hacked, and otherwise denies the allegations set forth in Paragraph 57.

58.    Kistner refers to the referenced published statement for a complete and accurate description of its contents, denies the allegations set forth in the "explanatory comments in brackets," and otherwise denies the allegations set forth in Paragraph 58.

59.    Kistner admits that the Ethereum deployment of the Protocol was not hacked, refers to the referenced statement for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 59.

60.    Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

61.     Paragraph 61 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner refers to the referenced statements for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 61.

62.     Kistner denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding "BadriNat," and refers to the referenced post for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 62.

63.     Kistner refers to the referenced proposal and compensation for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 63.

64.     Kistner refers to the referenced proposal for a complete and accurate description of its contents, denies knowledge or information sufficient to form a belief as to truth of the allegations regarding the "stakes of BZRX token[s]" held by Plaintiffs or putative class members, and otherwise denies the allegations set forth in Paragraph 64.

65.     Kistner refers to the referenced proposal for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 65.

66.     Kistner refers to the referenced proposal for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 66.

67.     Kistner admits that at certain times he and Bean controlled bZeroX LLC and Leveragebox LLC, and otherwise denies the allegations set forth in Paragraph 67.

68.     Kistner refers to the referenced proposal for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 68.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

69.    Paragraph 69 contains legal conclusions and hypotheticals to which no response is required.  To the extent that a response is deemed required, Kistner refers to the referenced post for a complete and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 69.

70.    Paragraph 70 contains legal conclusions to which no response is required. To the extent that a response is required, Kistner denies the allegations set forth in Paragraph 70.

71.    Paragraph 71 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Kistner denies the allegations set forth in Paragraph 71, and refers to the materials referenced in the footnote to Paragraph 71 for a complete and accurate description of their contents.

72.    Kistner admits that he has, from time to time, resided in San Diego, California and is or was a member of bZeroX LLC and Leveragebox LLC, and otherwise denies the allegations set forth in Paragraph 72.

73.    Kistner denies knowledge or information sufficient to form a belief to the truth of the allegations set forth in Paragraph 73.

74.    Kistner denies knowledge or information sufficient to form a belief to the truth of the allegations set forth in Paragraph 74, except refers to the referenced public disclosure for a complete and accurate description of its contents.

75.    Kistner denies knowledge or information sufficient to form a belief to the truth of the allegations set forth in Paragraph 75.

76.    Kistner denies the allegations set forth in Paragraph 76.

77.    Kistner denies the allegations set forth in Paragraph 77.

78.    Kistner admits that Leveragebox LLC operated the Fulcrum website during the relevant time, and otherwise denies the allegations set forth in Paragraph 78.

79.    Kistner admits that bZeroX LLC contributed to the development of the Protocol and turned over control of the Protocol to the community of governance

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

token holders in August 2021, and otherwise denies the allegations set forth in Paragraph 79.

80.     Paragraph 80 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 80.

81.     Paragraph 81 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 81.

82.     Paragraph 82 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 82.

83.     Paragraph 83 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 83.

84.     Paragraph 84 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 84.

85.     Paragraph 85 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 85.

86.     Paragraph 86 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner admits that on November 5, 2021 there was a hack of the BSC and Polygon deployments of the Protocol, and otherwise denies the allegations set forth in Paragraph 86.

87.     Paragraph 87 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 87.

88.     Kistner denies the allegations set forth in Paragraph 88.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

89.     Kistner admits that the FAC purports to have Gerstein Harrow LLP serve as class counsel for the putative class, and otherwise denies the allegations set forth in Paragraph 89.

90.     Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90.

91.     Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91.

92.     Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92.

93.     Kistner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92.

94.     Paragraph 94 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 94.

95.     Paragraph 95 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 95.

96.     Paragraph 96 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 96.

97.     Paragraph 97 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 97.

98.     Kistner repeats and realleges his answers to the preceding paragraphs with the same force and effect as if fully set forth herein.

99.     Paragraph 99 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 99.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

100.   Paragraph 100 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 100.

101.   Paragraph 101 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 101.

102.   Paragraph 102 states legal conclusions to which no response is required. To the extent a response is deemed required, Kistner denies the allegations set forth in Paragraph 102.

## **GENERAL DENIAL**

Except as otherwise expressly admitted above, Kistner denies each and every allegation of the FAC, and specifically denies any wrongdoing or liability to Plaintiffs.

## **AFFIRMATIVE DEFENSES**

Without in any way admitting any of the allegations in the FAC, and without admitting or suggesting that Kistner bears the burden of proof on any of the following issues, Kistner alleges the following separate and independent affirmative defenses. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief.

### **First Affirmative Defense**

Plaintiffs' claim is barred because the FAC fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

Plaintiffs' claim is barred in whole or in part because one or more Plaintiffs lack standing to maintain, on behalf of themselves or members of the putative class, some or all of the claims asserted in the FAC.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

### Third Affirmative Defense

Plaintiffs' claim is barred to the extent that Plaintiffs and the putative class members are not entitled to any recovery, or any recovery must be reduced by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiffs' claim is barred to the extent that Plaintiffs and the putative class members are not entitled to any recovery, or any recovery must be reduced by the doctrine of *in pari delicto*.

### Fifth Affirmative Defense

Plaintiffs' claim is barred to the extent that Plaintiffs and the putative class members are not entitled to any recovery, or any recovery must be reduced by the doctrine of comparative negligence and/or inequitable conduct of Plaintiffs and/or third parties.

### Sixth Affirmative Defense

Plaintiffs' claim against Kistner is barred because a judgment against a partnership is not itself a judgment against a partner, and a judgment creditor of a party may not levy execution against the assets of a partner to satisfy a judgment based on a claim against the partnership unless, among other things, a judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or in part.

### Seventh Affirmative Defense

Plaintiffs' claim against Kistner is barred because Kistner is not a partner of the "bZx DAO" or "Ooki DAO".

### Eighth Affirmative Defense

Plaintiffs' claim against Kistner is barred because a person may not become a partner of a partnership without the consent of all of the partners.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

### Ninth Affirmative Defense

Plaintiffs' claim against Kistner is barred because Plaintiffs' and the putative class members' alleged damages, if any, were not caused by the "bZx DAO" or "Ooki DAO", or a supposed partner of the "bZx DAO" or "Ooki DAO" acting in the ordinary course of business of the partnership or with authority of the partnership.

### Tenth Affirmative Defense

Plaintiffs' claim against Kistner is barred because the alleged negligent acts were not performed by a partner or by an agent of the partnership in the ordinary course of partnership business or of the kind carried on by the partnership that binds the partnership.   Namely, the Polygon and BSC deployments of the bZx protocol were not controlled by, or even possibly under the control of, the DAO, but rather by a third party (*see* FAC ¶ 58).

### Eleventh Affirmative Defense

Without admitting any of the allegations of the FAC, and if, and only if, (i) a community of BZRX, BGOV, or PGOV token holders or users of the bZx or Ooki protocol are determined to be a legal partnership, (ii) Kistner is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged partnership, and (iv) an adverse judgment is entered against Kistner in his capacity as a supposed partner in the alleged partnership, then each Plaintiff is jointly and severally liable to the putative class for any unrecovered amounts of an adverse judgment entered against the bZx DAO or Ooki DAO, and any adverse judgment against Kistner must be so reduced.

### Twelfth Affirmative Defense

Plaintiffs' claim is barred to the extent it does not present a case or controversy ripe for adjudication.

### Thirteenth Affirmative Defense

Plaintiffs' claim is barred in whole or in part by the doctrines of laches, waiver, consent, release, economic loss, unjust enrichment, acquiescence, and/or ratification.

**Fourteenth Affirmative Defense**

Plaintiffs' claim is barred by the doctrine of equitable estoppel.

**Fifteenth Affirmative Defense**

Plaintiffs' claim is barred by the doctrine of assumption of the risk.

**Sixteenth Affirmative Defense**

Plaintiffs' claim is barred, in whole or in part, for failure by Plaintiffs' or putative class members' failure to mitigate damages.

**Seventeenth Affirmative Defense**

Plaintiffs' claim is barred to the extent it seeks to apply extraterritorially the law of any state to conduct occurring or to a Plaintiff residing outside the state.

**Nineteenth Affirmative Defense**

Plaintiffs' claim is barred because Plaintiffs or putative class members have not suffered any losses or damages proximately caused by Kistner as alleged in the FAC.

**Nineteenth Affirmative Defense**

Plaintiffs' claim is barred because Plaintiffs or putative class members have suffered losses or damages caused only by their fellow servants in the bZx or Ooki DAOs and not by Kistner, who is not a member of the bZx or Ooki DAOs.

**Twentieth Affirmative Defense**

To the extent Plaintiffs seek exemplary, punitive, or treble damages, Plaintiffs and the putative class members are not entitled to any such damages and any such relief would violate Kistner's constitutional rights.

**Twenty-First Affirmative Defense**

Plaintiffs' claim is barred to the extent that Plaintiffs and the putative class members are not entitled to any recovery, or any recovery must be reduced by the doctrine of unjust enrichment.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

### Twenty -Second Affirmative Defense

Plaintiffs' claim is barred to the extent that Plaintiffs and the putative class members are not entitled to any recovery, or any recovery must be reduced by the economic loss rule.

### Twenty-Third Affirmative Defense

Plaintiffs' claim is barred to the extent that Plaintiffs and the putative class are not entitled to any recovery, or any recovery must be reduced to the extent that there is sought an overlapping or duplicative recovery.

### Twenty-Fourth Affirmative Defense

Plaintiffs' claim is barred to the extent that Plaintiff and the putative class are not entitled to any recovery, or any recovery must be reduced because Kistner's liability for non-economic damages is several only.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claim is barred to the extent that Plaintiff and the putative class entitled to any recovery, or any recovery must be reduced because of Cal. Civ. Proc. Code § 877.

### Reservation and Non-Waiver of Additional Affirmative Defenses

Kistner intends to rely upon such and other further defenses as may become available or apparent during pre-trial proceedings in this case, and hereby reserves all rights to assert such defenses.

**WHEREFORE,** Kistner denies that Plaintiffs are entitled to the relief set forth in the *ad damnum* clause, or to any relief at all.  Kistner respectfully requests judgment dismissing Plaintiffs' claim as against Kistner in its entirety with prejudice, awarding Kistner costs and expenses, including attorneys' fees, and awarding such further and additional relief as the Court deems just and proper.

### COUNTERCLAIMS

Defendant and Counterclaimant Kyle Kistner files these Counterclaims against Plaintiffs and Counterdefendants Christian Sarcuni, Clément Ométak, Pedro Cunha,

Alexander Lloyd, Skliar Viktor, Marc Simon, Pilici Rustam, Shuai Lu, Edison Ho, Kiro Aleksandrov, Jonas Wernecke, Paolo Leite, Miras Issakhov, Sooraj Narayanan, Héctor Albert González Terrón, Mannu Singh, Marc-Julien Lie, Simon Schmid, and Daniele Penna, and alleges as follows:

1.      As alleged in the FAC, each Plaintiff held some amount of BZRX tokens (*see* FAC ¶ 64), the governance token of the Ethereum deployment of the bZx protocol, and/or actively used the bZx protocol as deployed on the Ethereum, Polygon, or BSC blockchains (*see* FAC ¶¶ 3-21, 51).

2.      PGOV and BGOV are, respectively, the governance tokens of the Polygon and Binance SmartChain ("BSC") deployments of the bZx protocol.

3.      Upon information and belief, each Plaintiff held some amount of BZRX, PGOV, or BGOV tokens.  Because BZRX, PGOV, or BGOV tokens are generated and disbursed to individuals who stake assets on the Ethereum, Polygon, or BSC deployments (respectively), and the Plaintiffs allege that each had staked assets, each of them was necessarily, at least at some point, a holder of BZRX, PGOV, and/or BGOV tokens.

4.      Without admitting any of the allegations of the FAC, if, and only if, it is judicially determined that a community of BZRX, PGOV, or BGOV token holders, or users of the bZx or Ooki protocol, are determined to be a legal partnership, then each Plaintiff is also a partner in the alleged partnership.

### First Conditional Counterclaim for Contribution/Indemnification

(Against All Plaintiffs)

5.      Kistner incorporates all prior counterclaim paragraphs by reference.

6.      A party to a joint, or joint and several obligation, who satisfies more than its share of a claim against all is entitled to contribution or indemnification from all of the parties joined with it.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

7.     As alleged by Plaintiffs, each Plaintiff held some amount of BZRX, BGOV, or PGOV tokens (*see* FAC ¶ 64) or otherwise actively used the bZx protocol (*see* FAC ¶¶ 3-21, 51).

8.     Accordingly, if it is judicially determined that a community of BZRX, BGOV, or PGOV token holders, or users of the bZx or Ooki protocol, are a legal partnership, then each Plaintiff is also a partner in the alleged partnership.

9.     Without admitting any of the allegations of the FAC, and if, and only if, (i) a community of BZRX, BGOV, or PGOV token holders or users of the bZx or Ooki protocol are determined to be a legal partnership, (ii) Kistner is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged partnership, and (iv) an adverse judgment is entered against Kistner in his capacity as a supposed partner in the alleged partnership, then Kistner is entitled to equitable contribution or indemnification on account of that adverse judgment from each partner in the alleged partnership with whom he is alleged to be jointly and severally liable.

10.     Kistner should not, and is not legally required to, bear the monetary responsibility of an adverse judgment against the alleged partnership himself; every other partner in the alleged partnership is equally jointly and severally liable for the obligations of the alleged partnership.

11.     Accordingly, in the event that judicial determinations meeting the above conditions are satisfied, then each Plaintiff is jointly and severally liable for the putative class's injuries, and Kistner is entitled to equitable contribution or indemnification from each Plaintiff for his share of any adverse judgment entered against the alleged partnership.

## Second Conditional Counterclaim for Reimbursement Under The Partnership Act, Cal. Corp. Code. § 16100 *et seq.*

(Against All Plaintiffs)

12.     Kistner incorporates all prior counterclaim paragraphs by reference.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

13.     Each partner in a partnership is chargeable with a share of the partnership losses or liabilities, and a partnership and its partners must reimburse a partner when that partner incurs a disproportionate share of the partnership losses or liabilities.

14.     As alleged by Plaintiffs, each held some amount of BZRX, BGOV, or PGOV tokens (*see* FAC ¶ 64) or otherwise actively used the bZx protocol (*see* FAC ¶¶ 3-21, 51).

15.     Accordingly, if it is judicially determined that a community of BZRX, BGOV, or PGOV token holders, or users of the bZx or Ooki protocol, are determined to be a legal partnership, then each Plaintiff is also a partner in the alleged partnership.

16.     Without admitting any of the allegations of the FAC, and if, and only if, (i) a community of BZRX, BGOV, or PGOV token holders or users of the bZx or Ooki protocol are determined to be a legal partnership, (ii) Kistner is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged partnership, and (iv) an adverse judgment is entered against Kistner in his capacity as a supposed partner in the alleged partnership, then each Plaintiff is jointly and severally liable to the putative class for any unrecovered amounts of an adverse judgment entered against the bZx DAO or Ooki DAO.

17.     In the event that judicial determinations meeting the above conditions are satisfied, then Kistner is entitled to reimbursement from the other partners of the alleged partnership, who are jointly and severally liable themselves for the adverse judgment against the partnership, for their share of any adverse judgment against the alleged partnership.

18.     Kistner should not, and is not legally required to, bear the monetary responsibility of an adverse judgment against the alleged partnership himself; every other partner in the alleged partnership is equally jointly and severally liable for the obligations of the alleged partnership.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

19.    In the event that judicial determinations meeting the above conditions are satisfied, then Kistner is also entitled to reimbursement from the other partners of the alleged partnership, including from Plaintiffs, for their share of his actual legal fees and costs associated with the instant case.

20.    Accordingly, Kistner is entitled to reimbursement from each Plaintiff for his share of any adverse judgment entered against the alleged partnership, and Kistner's actual legal fees and costs associated with the instant case.

## Third Conditional Counterclaim for Breach of Duty Under Partnership Act
## Cal. Corp. Code. § 16100 *et seq.*

### (Against All Plaintiffs)

21.    Kistner incorporates all prior counterclaim paragraphs by reference.

22.    Under both the Partnership Act of 1994, Cal. Corp. Code. § 16100 *et seq.*, and common law, a partner owes to the partnership and his partners a duty of loyalty and a duty of care.

23.    Under both the Partnership Act of 1994, Cal. Corp. Code. § 16100 *et seq.*, and common law, a partner owes to the partnership and his partners a duty to refrain from dealing with the partnership in the conduct of partnership business as, or on behalf of, a party having an interest adverse to the partnership.

24.    As alleged by Plaintiffs, each held some amount of BZRX, BGOV, or PGOV tokens (*see* FAC ¶ 64) or otherwise actively used the bZx protocol (*see* FAC ¶¶ 3-21, 51).

25.    Accordingly, if it is judicially determined that a community of BZRX, BGOV, or PGOV token holders, or users of the bZx or Ooki protocol, are determined to be a legal partnership, then each Plaintiff is also a partner in the alleged partnership.

26.    In the event that judicial determinations meeting the above conditions are satisfied, then by bringing the instant lawsuit against the alleged partnership of which each Plaintiff is a partner, and against Plaintiffs' partner – Kistner – each

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Plaintiff breached his duties of loyalty and care to the alleged partnership and to Kistner.

27.    As a consequence of Plaintiffs' breach of duty, Kistner has been damaged in an amount to be determined at trial, as well as in the amount totaling any sum chargeable to Kistner in connection with an adverse judgment entered against him or the alleged partnership, and the amount of his actual legal fees and costs associated with the instant case.

### Fourth Conditional Counterclaim for Declaratory Judgment

28.    Kistner incorporates all prior counterclaim paragraphs by reference.

29.    As alleged by Plaintiffs, each held some amount of BZRX, BGOV, or PGOV tokens (*see* FAC ¶ 64) or otherwise actively used the bZx protocol (*see* FAC ¶¶ 3-21, 51).

30.    Accordingly, if it is judicially determined that a community of BZRX, BGOV, or PGOV token holders, or users of the bZx or Ooki protocol, are determined to be a legal partnership, then each Plaintiff is also a partner in the alleged partnership.

31.    Without in any way admitting any of the allegations of the FAC, and if, and only if, (i) a community of BZRX, BGOV, or PGOV token holders or users of the bZx or Ooki protocol are determined to be a legal partnership, (ii) Kistner is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged partnership, and (iv) an adverse judgment is entered against Kistner in his capacity as a supposed partner in the alleged partnership, then each Plaintiff is jointly and severally liable to the putative class for any unrecovered amounts of an adverse judgment entered against the bZx DAO or Ooki DAO.

32.    An actual, present, and justiciable controversy has arisen between the parties having adverse legal interests concerning whether Plaintiffs are jointly and severally liable to the putative class for any unrecovered amounts of an adverse judgment entered against the bZx DAO or Ooki DAO.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

33.     Declaratory relief is necessary and appropriate because, for among other reasons, a declaratory judgment will settle the parties' controversy and clarify the parties' legal relationship.

34.     By reason of the foregoing, if, and only if, (i) a community of BZRX, BGOV, or PGOV token holders or users of the bZx or Ooki protocol are determined to be a legal partnership, (ii) Kistner is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged partnership, and (iv) an adverse judgment is entered against Kistner in his capacity as a supposed partner in the alleged partnership, that Kistner is entitled to a judgment declaring that each Plaintiff is jointly and severally liable to the putative class for any unrecovered amounts of an adverse judgment entered against the bZx DAO or Ooki DAO.

## **Relief Requested on Conditional Counterclaims**

**WHEREFORE**, without admitting any of the allegations of the FAC, and if, and only if, (i) a community of BZRX, BGOV, or PGOV token holders or users of the bZx or Ooki protocol are determined to be a legal partnership, (ii) Kistner is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged partnership, and (iv) an adverse judgment is entered against Kistner in his capacity as a supposed partner in the alleged partnership, then Kistner respectfully requests that a judgment be entered on his behalf against Plaintiffs for the following:

a)  Actual, compensatory, consequential, punitive, and all other damages and equitable remedies in an amount to be determined at trial;

b)  Declaratory judgment according to the relief sought;

c)  Pre-judgment and post-judgment interest;

d)  Attorneys' fees; and

e)  Any and all such further relief to which Kistner is entitled at law and in equity.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

1  Dated: April 24, 2023              HAHN LOESER & PARKS LLP

2

3                                     By:    s/ Michael J. Gleason
                                            Michael J. Gleason (CA SBN 279434)
4                                           One America Plaza
                                            600 W. Broadway, Suite 1500
5                                           San Diego, CA  92101
                                            Telephone: 619.810.4300
6                                           Facsimile: 619.810.4301
                                            mgleason@hahnlaw.com
7

8                                     MORRISON COHEN LLP

9
                                      Jason P. Gottlieb (NY SBN 4056008)*
10                                    Daniel C. Isaacs (NY SBN 4875902)*
                                      Alexandra Wang (NY SBN 5416748)**
11                                    909 Third Avenue
                                      New York, NY 10022
12                                    Telephone:  212.735.8600
                                      Facsimile:  212.735.8708
13                                    jgottlieb@morrisoncohen.com
                                      disaacs@morrisoncohen.com
14                                    *admitted pro hac vice
                                      **pro hac vice pending
15

16

17                                    Attorneys for Defendant Kyle Kistner

18

19

20

21

22

23

24

25

26

27

28

ANSWER WITH COUNTERCLAIMS